UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court No. 02-277(1)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THERESA ANN STATELY,<br><br>Defendant,<br><br>RED LAKE FOODS,<br><br>Garnishee. | STIPULATION<br>FOR FINAL ORDER<br>IN GARNISHMENT |

The parties, the United States of America, the defendant Theresa Ann Stately, and the garnishee Red Lake Foods, agree and stipulate as follows:

1. The defendant resides at XXXXXX, Redby, Minnesota 56670, and has a social security number of XXX-XX-0467.

2. A judgment was entered against the defendant in this action in the amount of $7,215.92. A total balance due on the judgment is $6,310.18 as of November 14, 2006.

3. The garnishee, whose address is P.O. Box 545, Red Lake, Minnesota 56671, has in its possession, custody or control, property of the defendant in the form of earnings paid to the defendant.

4. The defendant waives her right to a hearing under Section 3206 of the Federal Debt Collection Procedures Act of 1990 (FDCPA),

SCANNED
JAN 19 2007
U.S. DISTRICT COURT MPLS

28 U.S.C. § 3205 and any other process to which the defendant may be entitled under the FDCPA.

5. The garnishee waives being heard in this matter and any other process to which the garnishee may be entitled under the FDCPA.

6. The defendant agrees and stipulates that her earnings are subject to garnishment under 28 U.S.C. § 3205 and expressly agrees and stipulates that the entry of a Final Order in Garnishment is proper.

7. The parties therefore agree and stipulate to entry of a Final Order in Garnishment against all the non-exempt earnings of the defendant. It is expressly agreed and stipulated to by the parties that the garnishee shall pay to the United States the total sum of $50 per month, which shall be withheld from the earnings owed to the defendant. These payments are continuing.

8. These sums are to be applied upon the judgment rendered in this case.

9. Checks should be made payable to the Clerk of Court and mailed to 300 South Fourth Street, Room 202, Minneapolis, Minnesota 55415.

10. At plaintiff's option, plaintiff may serve financial discovery annually and may increase the amount of the garnishment to no more than 25% of the defendant's non-exempt disposable

earnings as set forth in the Federal Debt Collection Procedures Act.

11. The plaintiff may pursue administrative offsets, including those by the Internal Revenue Service and the defendant specifically consents to the offset. Any payments applied to this claim by the Internal Revenue Service as a result of tax return offsets will be credited as a payment to the existing balance and will not be included as part of the periodic payments, nor will it affect the periodic payments.

12. The defendant can at any time request an accounting of the funds garnished. However, the defendant hereby knowingly waives any rights that defendant might have under 28 U.S.C. §3205(c)(9) to any automatic accounting.

Dated: January 18, 2007

RACHEL K. PAULOSE
United States Attorney

M. Trippler

BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600

Dated: 1-12-07

Theresa A. Stately
Theresa Ann Stately
Defendant

Dated: 1-12-07

Donald E. DesJarlait Sr. - GM
Red Lake Foods
Garnishee